to enlarge the rule. This is ftated to be an appli-
cation in favor of bail, but it fhould be remember-
ed that the cafes of bail to which the Court are
particularly indulgent, are where bail wants time
to furrender the principal, but here he comes to
defend the fuit, and therefore ftands in the fame
fituation with any other defendant.

Motion denied.

## The People at the relation of Jansen and others, admrs. of Jansen, *vs.* The Judges of Ulster.

*G*ARDINIER moved for a *mandamus* to the
Judges of the Common Pleas of the County
of Ulfter to compel them to give cofts for plaintiff,
a recovery having been had before them for the
plaintiffs for a fum lefs than £. 10.

It was now contended that as it had been fettled
that executors or adminiftrators cannot fue in a
Juftice's Court, it muft follow that they fhall
have cofts in the Court to which they are com-
pelled to refort, and therefore that the only quef-
tion now left to be confidered was whether a *man-
damus* was the proper remedy in this cafe, or whe-
ther it fhould be *error*, as the Court feemed to in-
timate at laft Term.

Error it was faid would only lie to *reverfe* a
judgment, and not to compel the rendition of a

judgment. He cited to this point, 3 Bac. Abr. 535. 1 Str. 698. Cowp. 378. That this was a proper cafe for a *mandamus*, he cited 1 Burr. 568. 3 Bl. Com. 110. 1 Str. 530. and 11 Co. Medcalf cafe.

*Cur. ad. vult.*

*Per Curiam.* After looking over all the authorities, we are of opinion that a writ of error will well lie here, and therefore refufe this application for a *mandamus*.  Motion denied.